UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 15

SPI INVESTMENT FUND SPC                                   Case No. 24-21184
(IN OFFICIAL LIQUIDATION),[1] *et al.*,
                                                          (Joint Administration Requested)
Debtors in a Foreign Proceeding.
_____/

**EMERGENCY MOTION OF THE FOREIGN REPRESENTATIVES FOR
PROVISIONAL RELIEF UNDER SECTIONS 105, 542, 1519, AND 1521
OF THE BANKRUPTCY CODE**

**STATEMENT OF EXIGENT CIRCUMSTANCES**

> The Debtors request an emergency hearing in this matter on October 29, 2024. Without immediate scheduling of the relief sought herein, the Debtor may be irreparably harmed due to the dissipation of assets relating to the Sinai Loan Agreements and the Sinai Pledge Agreements, which constitutes a substantial portion of the Funds' assets.

Andrew Morrison, David Griffin, and Iain Gow, the duly appointed joint official liquidators of SPI Investment Fund SPC (in Official Liquidation) ("**SPI**") ("**SPI Liquidators**") and David Griffin and Yvonne Plamondon, the duly appointed joint official liquidators of International Capital Allocation Ltd. (in Official Liquidation) ("**ICA**") and International Portfolio Allocation Ltd. (in Official Liquidation) ("**IPA**") (together, the "**ICA and IPA Liquidators**") (SPI Liquidators and ICA and IPA Liquidators, together, the "**Foreign Representatives**" or the "**JOLs**"), which are wholly owned at present by SPI (collectively, the "**Funds**"), the Funds being in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands

---

[1] The last four digits of the foreign identification number follow in parentheses: SPI Investment Fund SPC (in Official Liquidation) (9606); International Portfolio Allocation Ltd. (in Official Liquidation) (7986); and International Capital Allocation Ltd. (in Official Liquidation) (2570). The registered office of the foreign debtors is c/o FTI Cayman (Ltd.), Suite 3206, 53 Market Street, Camana Bay, PO Box 30613, Grand Cayman KY1-1203, Cayman Islands.

(the "**Grand Court**") (cause nos. FSD 393 of 2023 (JAJ) (SPI), FSD 151 of 2024 (JAJ) (ICA), and FSD 153 of 2024 (JAJ) (IPA)) (collectively, the "**Cayman Proceedings**") as a result of the Grand Court's orders (collectively, the "**Supervision Orders**") made pursuant to petitions for the winding up of the Funds presented under the Cayman Islands Companies Act (2023 Revision) (the "**Companies Law**") and the Companies Winding Up Rules (2023 Consolidation) (the "**CWR**"), by their undersigned United States counsel, Holland & Knight LLP, respectfully represent as follows in support of their motion (the "**Motion**") for provisional relief under 11 U.S.C. § 1519(a) and 1521(a)(4) to allow pre-recognition entrustment of assets and discovery into bank accounts in which the Funds hold an interest.[2]

### RELIEF REQUESTED

1.      The Foreign Representatives respectfully request entry of an order, pursuant to sections 105(a), 1507, 1519(a) and 1521(a)(4) of the Bankruptcy Code, substantially in the form attached hereto as **Exhibit 1**, considering and granting the following relief no later than October 28, 2024, pending recognition of the Cayman Proceedings (the "**Proposed Order**"):

    i.    ordering that the Foreign Representatives are recognized as, and shall be, the representatives of the Funds with full authority to administer their assets and affairs, including in the United States, and exercise the rights and powers of a trustee unless otherwise provided for in the Supervision Orders;

    ii.    ordering that any and all bank accounts, including the following, held for the benefit of the Funds by Collection Consolidations, LLC ("**CCL**"), which are the designated accounts by the Funds to receive amounts disbursed or repaid under the Sinai Loan Agreements (the "**CCL Debit Accounts**"), that have

---

[2] A detailed description of the Funds' assets and affairs, including the facts and circumstances necessitating the filing of the Funds' respective chapter 15 cases, is set forth in the: (i) *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief and Incorporated Memorandum of Law* (together with the official form petitions filed concurrently, the "**Chapter 15 Petitions**"); (ii) *Declaration of David Griffin in Support of Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief and Incorporated Memorandum of Law* (the "**Griffin Declaration**"); and (iii) *Declaration of Stephen Gradwell Leontsinis in Support of Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief and Incorporated Memorandum of Law* (the "**Leontsinis Declaration**"), each filed contemporaneously with the Motion. Capitalized terms but not defined in the Motion have the meaning ascribed in the Chapter 15 Petitions, Griffin Declaration, and Leontsinis Declaration, as necessary.

received the proceeds from the Sinai Loan Agreements' pledged accounts, be frozen until further order of the Court, and at a minimum, until the Court rules on the Chapter 15 Petitions:

    1. ██████████████████████████

  iii.   ordering that the following bank accounts (the **"Sinai Debit Accounts"**) held by Sinai Holdings, LLC (**"Sinai"**), which are subject to the right of debit and assignment by the Funds pursuant to: (i) the ICA – Sinai Loan and the IPA – Sinai Loan (together, the **"Sinai Loan Agreements"**); and (ii) the Pledge and Cash Controls Addendum for MLA-IPA-USD and for MLA-IPA-USD attached to the Sinai Loans (together, the **"Sinai Pledge Agreements"**) be frozen until further order of the Court, and at a minimum, until the Court rules on the Chapter 15 Petitions:

    1. █████████████████████
    2. █████████████████████
    3. ██████████████████████████
    4. █████████████████████

  iv.   granting the Foreign Representatives the immediate rights to obtain document discovery and the examination of witnesses concerning the Sinai Debit Accounts, the CCL Debit Accounts, and other bank accounts to which the Funds made direct disbursements, and accounts from which the Funds were entitled to draw funds, substantially in the form of the proposed subpoena attached hereto as **Exhibit 2**;

  v.   affording the Foreign Representatives the protections under the Bankruptcy Code, including, but not limited to, the granting of additional relief under sections 1519(a) and 1521 of the Bankruptcy Code;

  vi.   irrespective of any contrary provisions in the Bankruptcy Code, ordering that: (a) the Proposed Order be effective immediately upon entry; (b) the Foreign Representatives are not subject to any stay or other impediment in implementing and enforcing the relief issued in the Order; and (c) the Foreign Representatives are authorized, in their discretion, to undertake any action necessary to implement and consummate the terms of the Order; and

  vii.   issuing any other relief that the Court finds just and proper.

2.    The Foreign Representatives bring the Motion on an emergency basis because the Sinai Debit Accounts and the CCL Debit Accounts subject to or referenced in the Sinai Loan Agreements and the Sinai Pledge Agreements (together, the **"Sinai Agreements"**), which could constitute a substantial source of relief for the Funds' estates due to the outstanding breaches of

the Sinai Agreements by Sinai, could be dissipated at a moment's notice by Sinai or those acting on its behalf, who have already demonstrated an unwillingness to pay amounts presently due to the Funds under the Sinai Agreements. *See* Amended Complaint, *Sinai Holdings, LLC v. JPMorgan Chase Bank, N.A.*, Case No. 0:23-cv-62159 (S.D. Fla. July 22, 2024), ECF No. 44 at ¶ 57 ("In addition to Plaintiffs' lender also closing out Plaintiffs' line of credit and holding them in default in October 2023, Plaintiffs' lenders are redeeming $120,000,000.00 from their previous infusions of funds which **Plaintiffs could not fulfill** ….") (emphasis added).

3.      The Sinai Agreements are in default, and ICA and IPA are entitled to: (i) debit the outstanding amount from the Sinai Debit Accounts; (ii) obtain the proceeds from the Sinai Debit Accounts; and (iii) obtain the proceeds from the CCL Debit Accounts relating to accounts derived from the Sinai Agreements.

4.      Similarly, discovery is sought on an emergency basis so as to allow the Foreign Representatives to secure as complete a picture as possible as to the status of these accounts and those who control and own them.   The Foreign Representatives respectfully request the Court waive the requirements set out in Local Rule 9075-1(B), which mandate an affirmative statement that a bona fide effort was made in advance to resolve the issues described in the Motion, as the relief requested is extremely time-sensitive and not conducive to resolution in advance.

5.      In support of the Motion, the Foreign Representatives incorporate by reference the Chapter 15 Petitions, the Griffin Declaration, and the Leontsinis Declaration.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 1501.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

7.      This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Petition, as required by section 1515 of the Bankruptcy Code.

8.      The Foreign Representatives consent to the entry of final orders or judgments by the Court if the Court is later adjudicated to not have the right to enter final orders or judgments in accordance with article III of the Constitution, absent consent of the parties, and in compliance with rule 7008 of the Bankruptcy Rules.

9.      Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1410(1) because the Funds possess a right to debit the accounts named in the Loan Agreements and held by Sinai, a Florida-incorporated limited liability company.  In addition, the Sinai Debit Accounts are primarily held at Florida-based banks.  Furthermore, although not required, venue is also proper because the Foreign Representatives maintain property in the United States in the nature of a retainer held by Holland & Knight LLP in a client trust account.

10.     The statutory predicates for the relief requested herein are sections 105, 542, 1519, and 1521 of the Bankruptcy Code and Rules 9013-1(A) and 9075-1 the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**").

## BACKGROUND

11.     The Funds subject to the Cayman Proceedings were at all times organized under Cayman Islands law and have always maintained a registered office in the Cayman Islands.

12.     The Funds are in official liquidation in the Cayman Islands in front of the Grand Court pursuant to the Supervision Orders issued on February 16, 2024 (SPI) and June 10, 2024 (ICA and IPA) by the Grand Court.[3]

---

[3] A copy of each of the Supervisions Orders are attached as Exhibits 1-3 to the Griffin Declaration.

13.    Between 2020 and 2021, SPI entered into two intercompany loans with ICA and IPA, respectively, in which SPI agreed to issue two loans of up to $100 million each.

14.    ICA and IPA, in turn, entered into loans with Sinai, in which each of these Funds lent Sinai $100 million pursuant to the Loan Agreements.  Pursuant to the Loan Agreements, ICA and IPA agreed to finance transactions in account receivables in the health care sector.  Sinai officials believed to be based in Florida, including Jacob Gitman, signed the Loan Agreements.

15.    Under the Loan Agreements, ICA and IPA made disbursements to, *inter alia*, the Sinai Debit Accounts.  The Loan Agreements expressly permitted if ICA or IPA reasonably deem there to be a breach of Loan Agreements, and no such cure occurred within one (1) business day, that ICA or IPA has the right to withdraw the funds from the Sinai Debit Accounts or Sinai's other Operational Accounts.  *See* Griffin Declaration, Exs. 10, pp. 3-4, 12, pp. 3-4.  Thus, the Funds have a proprietary interest in the funds in the Sinai Debit Accounts.

16.    Attached to the Sinai Loan Agreements are the Sinai Pledge Agreements, which, among other things, expressly permit ICA and IPA to "deduct directly" for amounts owed by Sinai to ICA and IPA from receivables and "all other proceeds remitted to the beneficiary account of such pledged receivables" (defined therein as "Assigned Deposits") without any prior notice or authorization from Sinai.  The "cash management" for the "Assigned Deposits" "shall be collected and paid" to CCL "in order to reconcile the payments relating to the … Assigned Deposits… and shall be held for the benefit of [ICA/IPA]."  *See* Griffin Declaration, Exs. 10, p. 10, 18-19; 12, p. 10, 18-19.

17.    Due in large part to concerns about the Funds' solvency and the lack of repayments under the Sinai Loan Agreements, the Foreign Representatives took steps to wind down the Funds in the Cayman Islands, their jurisdiction of incorporation and center of main interests.

18.    On November 17, 2023, the SPI Voting Shareholders placed SPI into voluntary liquidation and the SPI Liquidators were appointed as joint voluntary liquidators.[4]  On December 20, 2023, the SPI Liquidators petitioned the Grand Court to place SPI into official liquidation and to appoint them as joint official liquidators of SPI.  On February 16, 2024, the Grand Court issued the SPI Supervision Order granting the requested relief.

19.    On April 9, 2024, the SPI Liquidators placed ICA and IPA into voluntary liquidation and appointed the ICA and IPA Liquidators as joint voluntary liquidators.

20.    On May 14, 2024, the ICA and IPA Liquidators (then the JVLs), petitioned the Grand Court to place ICA and IPA into official liquidation and to appoint them as joint official liquidators.  On June 10, 2024, the Grand Court issued the ICA-IPA Supervision Orders granting the requested relief.

21.    All of the Supervision Orders authorize the Foreign Representatives to seek relief under, among other laws, chapter 15 of the Bankruptcy Code.

22.    Since the issuance of the Supervision Orders, the Foreign Representatives, from their offices in the Cayman Islands, have taken various steps to direct and facilitate the efficient winddown of the Funds for the benefit of creditors.

23.    The Foreign Representatives filed the Funds' chapter 15 cases in order to obtain relief with respect to the Cayman Proceedings, including to preserve assets to which the Funds have a claim such as the bank accounts held by Sinai and maintained by CCL that are subject to the Sinai Agreements, and to take discovery as to the potential mismanagement of the Funds, the disappearance of monies loaned by the Funds to Sinai (including pursuant to the Sinai

---

[4] The SPI Liquidators (then the JVLs) requested that the directors of SPI provide a declaration of solvency, as required under Cayman Islands law.  When they failed to do so, the SPI Liquidators (then JVLs) sought the official liquidation under the supervision of the Grand Court.

Agreements), and the subsequent insolvency of the Funds. By this Motion, the Foreign Representatives seek emergency relief in order to avoid dissipation of the accounts held by Sinai or for the benefit of the Funds subject to the Sinai Agreements and to assist in their investigation of the location and nature of the Funds' remaining assets.

24. The requested provisional relief is critical to the Foreign Representatives' efforts from the Cayman Islands to conduct the winddown of the Funds and to distribute their assets to creditors in an orderly and efficient manner. Without the requested provisional relief, it is a realistic possibility that a sizable source of recovery from the Funds will be lost, without the Foreign Representatives having an opportunity to conduct a fulsome investigation. Accordingly, the Foreign Representatives submit that the provisional relief is proper and needed on an urgent basis and respectfully request that the Court enter the Proposed Order substantially in the form of **Exhibit 1** attached hereto.

## BASIS FOR RELIEF

### I.    The Requested Provisional Relief is Within the Scope of Sections 1519 and 1521 of the Bankruptcy Code and is Necessary and Appropriate in These Circumstances

25. The Foreign Representatives seek provisional relief pursuant to sections 105, 542, 1519, and 1521 of the Bankruptcy Code because such relief is necessary to protect the Funds' assets and the interests of all stakeholders in the Cayman Proceedings.

26. Section 1517(c) of the Bankruptcy Code provides that "[a] petition for the recognition of a foreign proceeding shall be decided upon at the earliest possible time." 11 U.S.C. § 1517(c). However, within this gap period, the proposed foreign representative is not entitled to entrust or administer the assets of the foreign debtors, take discovery, nor invoke any other powers under the Bankruptcy Code.

27.     For this reason, section 1519 of the Bankruptcy Code authorizes the Court "[f]from the timing of the filing of the petition for recognition until [it] rules on the petition" to grant provisional relief to the proposed foreign representatives pending recognition of the putative foreign proceeding.  11 U.S.C. § 1519(a).  Provisional relief is appropriate when such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors."  *Id.*

28.     Sections 1519(a)(1)-(3) of the Bankruptcy Code enumerate the provisional relief permissible thereunder:

> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> (3) any relief referred to in paragraph (3), (4) and (7) of section 1521(a).

11 U.S.C. § 1519(a)(1)-(3); *In re British Am. Ins. Co. Ltd.*, 425 B.R. 884, 889 (Bankr. S.D. Fla. 2010) (referencing provisional relief issued under sections 105 and 1519 of the Bankruptcy Code).

29.     Section 1521(a)(4) of the Bankruptcy Code authorizes the Court to "provide for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities."  11 U.S.C. § 1521(a)(4).[5]  *See, e.g. In re Silicon Valley Bank (Cayman Islands Branch)*, 658 B.R. 75, 84 & n.5 (Bankr. S.D.N.Y. 2024) (noting that section 1519(a)(3) of the Bankruptcy Code authorizes relief under section 1521(a)(4)); *In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 346 (Bankr. S.D.N.Y.

---

[5] Relief under section 1521 of the Bankruptcy Code is available "only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected."  11 U.S.C. § 1522(a).  Here, the interests of the Funds' creditors are self-evidently bolstered by the Foreign Representatives' efforts to preserve one of the Funds' known and potentially sizable assets.

2012) (holding that Section 1521(a)(4) of the Bankruptcy Code "enables a Foreign Representative to take broad discovery concerning the assets and affairs of a debtor").

30.     Section 1521(a)(7) of the Bankruptcy Code authorizes the Court to issue a foreign representative "any additional relief that may be available to a trustee," subject to certain exceptions inapplicable here.  11 U.S.C. § 1521(a)(7).  This provision incorporates Section 542(e) of the Bankruptcy Code. Section 542(e) of the Bankruptcy Code provides in relevant part, that the Court may order any person that "holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."  11 U.S.C. § 542(e).[6]

31.     The requirements for provisional relief under these sections of the Bankruptcy Code is plainly satisfied.  The provisional relief will bolster the Foreign Representatives' efforts to preserve the Funds' assets and also to ensure a comprehensive and complete investigation of the Funds' assets and affairs.  *See In re Vitro, S.A.B. de C.V.*, 455 B.R. 571, 579-580 (Bankr. N.D. Tex. 2011) (entering provisional relief under section 1519(a) of the Bankruptcy Code to "protect [the foreign debtor's] assets, until such time as a determination on recognition is made").  For one, given Sinai's ongoing default, the Funds presently hold a right to debit over the accounts referenced in the Sinai Agreements for the outstanding amounts due, namely, the Sinai Debit Accounts and the CCL Debit Accounts.  In total, Sinai received over $118 million from the Funds. Suffice it to say, preserving any remaining balance in the Sinai Debit Accounts and the CCL Debit Accounts benefits the Funds and their creditors alike.   Freezing and/or assigning any remaining

---

[6] *See, e.g., In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 810 (Bankr. S.D.N.Y. 2018) (noting that section 542(e) of the Bankruptcy Court is "either directly applicable in chapter 15 cases or, in the alternative, delineate relief which can be granted by the court").

balance in these accounts, as is contemplated by the Sinai Agreements, thus heightens the possibility of recovery for the Funds' creditors.

32.    Similarly, discovery concerning these accounts, accounts which directly received funds from the Funds, and those persons with present or past control over such accounts manifestly benefits the Funds and their creditors.   Through the requested discovery, the Foreign Representatives should gain valuable insight into the Funds' assets and the events that precipitated their apparent insolvency, particularly given that the Funds transferred substantial amounts of capital into Sinai via, *inter alia*, the Sinai Debit Accounts, which in turn, likely was repaid in part through transfers to the CCL Debit Accounts.  Furthermore, discovery concerning these accounts, as the recipients of the Funds' loans, will better enable the Foreign Representatives to evaluate litigation claims that may be pursued against Sinai, its principals, or others, including in the Cayman Islands and the United States.

33.    Simply put, the requested provisional relief would one of the foremost purposes of chapter 15, which is to encourage "cooperation between the United States and foreign countries with respect to transnational insolvency cases."  *See* 8 COLLIER ON BANKR. ¶ 1501.01 (16th ed.).  Indeed, the provisional relief sought by the Foreign Representatives will "provide [an] effective mechanism[] for dealing with cases of cross-border insolvency."  *In re Al Zawawi*¸ 97 F.4th 1244, 1255 (11th Cir. 2024) (citing 11 U.S.C. § 1501(a)).

34.    The provisional relief called for in the Motion is exactly the type of relief envisioned by sections 1519(a) and 1521 of the Bankruptcy Code and has been routinely granted in similar circumstances by courts in this District and elsewhere, including on an emergency basis. *See, e.g., In re Cayman Investment Funds Master SPC*¸ 24-16273-EPK, ECF No. 17 (Bankr. S.D. Fla. June 27, 2024) (granting emergency provisional relief under sections 1519 and 1521); *In re*

*Dingway Inv. Ltd.*¸ 22-10648-LMI, ECF No. 11 (Bankr. S.D. Fla. Feb. 3, 2022) (granting emergency provisional relief under sections 1519 and 1521); *In re Al Zawawi*, 6:21-bk-01251-LVV, ECF No. 10 (Bankr. M.D. Fla. Mar. 26, 2021) (granting emergency provisional relief motion and ordering discovery under chapter 15); *In re Xenfin Fund I Trading Ltd.*, 21-16253-CLC, ECF No. 14 (Bankr. S.D. Fla Jan. 28, 2021) (same); *In re China Hosps., Inc.*, No. 19-13767 (SCC), ECF No. 14 (Bankr. S.D.N.Y. Nov. 25, 2019) (same).

## II.    The Requested Preliminary Relief Meets the Necessary Standard

35.    Section 1519(e) requires a movant seeking provisional relief to meet the "standards, procedures, and limitations" applicable to a preliminary injunction.  11 U.S.C. § 1519(e); *see also In re SPhinX Ltd.*, 351 B.R. 103, 111 n. 8 (Bankr. S.D.N.Y. 2006) ("Section 1519 of the Code provides that the bankruptcy court may grant provisional relief, under the standards, procedures and limitations applicable to an injunction….").

36.    In the Eleventh Circuit, the overarching standard applicable to a request for injunctive relief requires a showing of four elements: "(1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest." *Yorktown Sys. Grp. Inc. v. Threat Tec LLC*, 108 F.4th 1287, 1293 (11th Cir. 2024) (quoting *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*¸ 112 F.3d 1125, 1126 (11th Cir. 1997)).  Likelihood of success on the merits "is generally the most important of the four factors." *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1124 (11th Cir. 2022) (citation omitted).   However, in evaluating these factors, courts take a "flexible approach and no one factor is determinative." *In re Calpine Corp.*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (citations omitted).

37.     The Foreign Representatives satisfy each of these factors.

**A.     There is a Substantial Likelihood of Recognition of the Cayman Proceedings**

38.     First, the Foreign Representatives have shown a substantial likelihood of success on the merits in obtaining recognition of the Cayman Proceedings under chapter 15 of the Bankruptcy Code.  As discussed at length in the Chapter 15 Petitions; (i) the Cayman Proceedings are foreign main proceedings under 11 U.S.C. §§ 1502 and 1517, in part because the Cayman Islands is the Funds' center of main interests; (ii) the Foreign Representatives are the authorized foreign representatives of the Funds within the meaning of section 101(24) of the Bankruptcy Code; and (iii) the Foreign Representatives comply with all other procedural requirements.  *See In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 182-83 (Bankr. S.D.N.Y. 2022) (Brazilian foreign representative seeking provisional relief showed a likelihood of success by satisfying 11 U.S.C. § 1517(a)).

39.     Moreover, foreign proceedings involving Cayman Islands-based insolvencies are routinely recognized by courts in this District and across the country, including when the foreign debtor is an investment entity making loans into the United States.  *See In re Cayman Investment Funds Master SPC¸* 24-16273-EPK, ECF No. 25 (Bankr. S.D. Fla. July 24, 2024) (recognizing Grand Court liquidation of a Cayman investment entity under chapter 15 and issuing related relief); *In re Business Fin. Opportunities Fund (in Official Liquidation)*, No. 24-10577-pb, ECF No. 12 (Bankr. S.D.N.Y. May 14, 2024) (recognizing Cayman Islands proceeding under chapter 15); *In re Atom Holdings*, No. 23-1343-PDR, ECF No. 37 (Bankr. S.D. Fla. June 30, 2023) (same); *In re Performance Insurance Co. SPC*, No. 21-12609 (AJC), ECF No. 17 (Bankr. S.D. Fla. Apr. 15, 2021) (same); *In re Frontera Res. Caucasus Corp.*, 19-13418-mew, ECF No. 19 (Bankr. S.D.N.Y.

Jan. 21, 2020) (same); *In re Platinum Partners Value Arbitrage Fund (in Official Liquidation)*, No. 16-12282 (MG), ECF No. 27 (Bankr. S.D.N.Y. Nov. 23, 2016) (same).

40.     In sum, the Foreign Representatives have shown a substantial likelihood of success on its claim to recognize the Cayman Proceeding under chapter 15.  They satisfy the first factor.

**B.     The Funds Face Irreparable Harm Absent the Requested Preliminary Relief**

41.     In "the cross-border insolvency context, courts have recognized that irreparable harm exists when local actions could hinder the orderly process of a foreign proceeding and the goal of fair distribution of assets."  *Andrade Gutierrez*, 645 B.R. at 181; *see In re Berau Capital PTE Ltd.*, 15-11804 (MG), ECF No. 20 (Bankr S.D.N.Y. Aug. 6, 2015) (granting provisional relief recognizing the risks of interference with the foreign debtor's "efforts to administer its estate and restructure operations pursuant to the [f]oreign [p]roceeding" and "undermining the [f]oreign [r]epresentative's efforts to achieve an equitable result for the benefit of all of the [f]oreign [d]ebtor's creditors and interest holders" in the absence of the requested relief).

42.     The Funds face substantial and potentially imminent harm in the event that the amounts in the Sinai Debit Accounts and/or the CCL Debit Accounts are reduced or even totally depleted, thus jeopardizing the Foreign Representatives' efforts to maximize recovery for the Funds' creditors and to effectively conduct the Cayman Proceedings.  *See, e.g., In re Netia Holdings S.A.*, 278 B.R. 344, 352 (Bankr. S.D.N.Y. 2002) ("It is well established . . . that the dissipation of the finite resources of an insolvent estate constitutes irreparable injury.").  Indeed, without the requested relief, the Funds may forever relinquish the security granted by Sinai in connection with the Sinai Agreements, including with respect to the amounts in the Sinai Debit Accounts, the CCL Debit Accounts, and the "Assigned Deposits" as defined in the Sinai Pledge Agreements.

43.    Furthermore, without discovery concerning these accounts, the Funds also risk material harm to the Foreign Representatives' ongoing investigation of the Funds' assets and affairs.  The requested discovery from the Funds' principal counterparties who appear to have misappropriated assets, and which is highly time-sensitive, will provide meaningful assistance to the Foreign Representatives efforts in the Cayman Proceedings to maximize the value of recovery.

44.    The Foreign Representatives have therefore satisfied the second injunction factor.

**C.    The Harm to the Funds Outweigh Any Potential Harm to Creditors, who are Sufficiently Protected**

45.    Instead of causing harm to the Funds' creditors, the relief requested in the Motion will benefit creditors by preserving one of the known sources of potential recovery from the Funds based on Sinai's default on the Sinai Agreements.  The requested discovery relief will support the Foreign Representatives' ongoing investigation of the demise of the Funds, which could generate additional sources of recovery for their estates, including potential litigation claims.  In addition, the provisional relief sought herein will benefit creditors by facilitating an orderly, transparent, and efficient wind-down of the Funds, while also providing support to the Foreign Representatives in the Cayman Proceedings and to the Cayman Court.

46.    For the same reasons, the Funds' creditors are "sufficiently protected," as required by section 1522(a) of the Bankruptcy Code.  This section authorizes the Court to grant provisional relief under sections 1519 and 1521 of the Bankruptcy Code where, as here, "the interest of creditors and other interested entities, including the debtor, are sufficiently protected."  11 U.S.C. § 1522(a); *see SPhinX*, 351 B.R. at 112-13 (holding that section 1522 provides that the Court may grant or modify interim relief under section 1519 only if the interests of all parties are "sufficiently protected").  However, "[r]elief under section 1519 of the Bankruptcy Code should be denied for a lack of sufficient protection only 'if it is shown that the foreign proceeding is seriously and

unjustifiably injuring United States creditors.'" *Andrade Gutierrez*, 645 B.R. at 184 (quoting H.R. Rep. No. 109-31, pt.1, at 116 (2005)); *see also SPhinX*¸ 351 B.R. at 113 (noting that "[f]lexibility is also inherent in the various forms of relief the court may grant, upon a proper showing, to a foreign representative") (citing 11 U.S.C. § 1519(a)).

47.     In these circumstances, the provisional relief requested in the Motion not only does not harm creditors, but it benefits them by preserving potential assets of the Funds and buttressing the Foreign Representatives' investigation of the Funds' assets and affairs.

48.     As such, the Foreign Representatives have satisfied the third injunction factor.

**D.     The Public Interest is Served by Granting the Provisional Relief**

49.     The requested provisional relief serves the public interest because it furthers the goals of the public policy underpinnings of chapter 15, among which are: (i) to foster fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested parties, including the debtor; (ii) to protect and maximize the value of the debtor's assets; and (iii) to promote cooperation between the courts and court-appointed administrators in the United States with those in competent foreign jurisdictions involved in cross-border insolvency cases. *See* 11 U.S.C. §§ 1501(a), 1525; *see also Cornfeld v. Invs. Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1259 (S.D.N.Y. 1979), *aff'd* 614 F.2d 1286 (2d Cir. 1979) ("American public policy would be furthered, for the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction.")

50.     The provisional relief sought by this Motion is designed to preserve potential assets of the Funds and to further the Foreign Representatives' ongoing efforts to evaluate the Funds' collapse and liquidation and where to go from there (including by potentially pursuing claims against third parties).  Such requested provisional relief serves the public interest because it gives

the Cayman Proceedings "the best chance of succeeding." *Andrade Gutierrez*, 645 B.R. at 183 (concluding that provisional relief served the public interest for this reason).

51.     For these reasons, the Foreign Representatives satisfy the fourth injunction factor.

## NOTICE

52.     The Foreign Representatives will provide notice of this Motion to the following parties: (i) the Office of the United States Trustee; (ii) all persons or bodies authorized to administer the Cayman Proceedings; and (iii) such other entities as this Court may direct to satisfy the requirements of Bankruptcy Rule 2002(q).  In light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Foreign Representatives respectfully request that this Court enter the Proposed Order substantially in the form attached hereto as **Exhibit 1** and issue any other and further relief that it finds are just and proper.

Dated: October 28, 2024                          Respectfully submitted,
   Miami, Florida

          HOLLAND & KNIGHT LLP

          /s/ *Joaquin J. Alemany*
          Joaquin J. Alemany (FL Bar No. 662380)
          Alex M. Englander (FL Bar No. 1035437)
          701 Brickell Ave, Suite 3300
          Miami, Florida 33131
          Telephone: (305) 789-7763
          Email: joaquin.alemany@hklaw.com
             alex.englander@hklaw.com

          Warren E. Gluck
          (*pro hac vice* admission forthcoming)
          Elliot A. Magruder
          (*pro hac vice* admission forthcoming)
          787 Seventh Avenue, 31st Floor
          New York, New York 10019
          Telephone: (212) 513-3200

Email: warren.gluck@hklaw.com
elliot.magruder@hklaw.com

*Counsel for the Foreign Representatives*