UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 15 |
| SPI INVESTMENT FUND SPC (IN OFFICIAL LIQUIDATION),[1] *et al.*, | Case No. 24-21184-PDR |
| | (Jointly Administered) |
| Debtors in a Foreign Proceeding. | |
| _____/ | |

**FOREIGN REPRESENTATIVES'** *EX-PARTE* **MOTION FOR AUTHORIZATION TO FILE UNDER SEAL (1) MOTION FOR ENTRY OF AN ORDER AUTHORIZING ISSUANCE OF SUBPOENAS WITHOUT NOTICE AND RELATED RELIEF, AND (2) DECLARATIONS OF IAIN GOW AND WARREN E. GLUCK IN SUPPORT OF THE FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ISSUANCE OF SUBPOENAS WITHOUT NOTICE AND <u>RELATED RELIEF</u>**

Andrew Morrison, David Griffin, and Iain Gow, the duly appointed joint official liquidators of SPI Investment Fund SPC (in Official Liquidation) ("**SPI**"), International Capital Allocation Ltd. (in Official Liquidation) ("**ICA**") and International Portfolio Allocation Ltd. (in Official Liquidation) ("**IPA**") (the "**Foreign Representatives**") (SPI, ICA, and IPA, collectively, the "**Funds**"), each in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands (the "**Grand Court**") (cause nos. FSD 393 of 2023 (JAJ) (SPI), FSD 151 of 2024 (JAJ) (ICA), and FSD 153 of 2024 (JAJ) (IPA)) (collectively, the "**Cayman Proceedings**"), by their undersigned United States counsel, Holland & Knight LLP, respectfully represent as follows in support of this motion (the "**Motion**").

---

[1] The last four digits of the foreign identification number follow in parentheses: SPI Investment Fund SPC (in Official Liquidation) (9606); International Portfolio Allocation Ltd. (in Official Liquidation) (7986); and International Capital Allocation Ltd. (in Official Liquidation) (2570). The registered office of SPI Investment Fund SPC (in Official Liquidation) is c/o FTI Consulting (Cayman) Ltd., Suite 3206, 53 Market Street, Camana Bay, PO Box 30613, Grand Cayman KY1-1203, Cayman Islands. and the registered office of International Portfolio Allocation Ltd. (in Official Liquidation) and International Capital Allocation Ltd. (in Official Liquidation) is c/o FTI Consulting (Cayman) Ltd., Suite 3206, 53 Market Street, Camana Bay, PO Box 30613, Grand Cayman KY1-1203, Cayman Islands.

**RELIEF REQUESTED**

1. Pursuant to Local Rule 5005-1(A)(4), the Foreign Representatives request authority to file *ex parte* under seal: (1) the *Foreign Representatives' Motion for Entry of Order Authorizing Issuance of Subpoenas Without Notice and Related Relief* (the "**Discovery Motion**"); (2) *Declaration of Iain Gow in Support of the Foreign Representatives' Motion for Entry of an Order Authorizing Issuance of Subpoenas Without Notice and Related Relief* (the "**Gow Discovery Declaration**"); and (3) *Declaration of Warren E. Gluck in Support of the Foreign Representatives' Motion for Entry of an Order Authorizing Issuance of Subpoenas Without Notice and Related Relief* (the "**Gluck Discovery Declaration**," and together with the Gow Discovery Declaration, the "**Discovery Declarations**"). The basis for the relief requested in the Motion is set forth in the Discovery Motion and the Discovery Declarations submitted contemporaneously herewith.

2. Generally, the requested relief is necessary because the Foreign Representatives cannot publicly explain the relevance of the discovery sought without revealing confidential information and work product concerning their investigation of the Funds' collapse and as they attempt to fulfill their duties as court-appointed fiduciaries by the Cayman Court.[2] The Foreign Representatives propose to provide unredacted copies of the Discovery Motion and the Discovery Declarations, on a strictly confidential basis, to this Court and to the Office of the United States Trustee for the Southern District of Florida, Region 21 (the "**U.S. Trustee**"). A proposed form of order granting the relief requested herein is attached as **Exhibit A** (the "**Proposed Order**").

3. If the Court grants the requested relief, the Foreign Representatives propose that the Discovery Motion and the Discovery Declarations be ordered sealed for a period of 180 days, subject to extensions upon application to the Court.

---

[2] The proposed discovery subpoenas will be attached to the Discovery Motion as **Exhibit 2-4**.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Foreign Representatives consent to the Court's entry of a final order on the Motion, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**STATUTORY BASES FOR RELIEF REQUESTED**

6. The statutory bases for the relief are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Bankruptcy Rules, and rules 5005-1 and 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Florida (the "**Local Bankruptcy Rules**").

**BACKGROUND**

7. SPI was incorporated as an exempted segregated portfolio company under the laws of the Cayman Islands in 2016. ICA and IPA were incorporated as exempted companies under the laws of the Cayman Islands in 2020. *See Declaration of David Griffin in Support of the Verified Petition for Recognition*, dated October 28, 2024 (the "**Griffin Petition Declaration**"), at ¶¶ 12, 23, 28 [ECF No. 7].

8. On December 20, 2023, the SPI Liquidators[3] petitioned the Grand Court to place SPI into official liquidation, and the Grand Court, pursuant to the SPI Supervision Order, ordered the winding up of SPI under the supervision of the Grand Court. *Id.* ¶¶ 71-72.

9. On May 14, 2024, the ICA and IPA Liquidators petitioned the Grand Court to place ICA and IPA into official liquidation, and the Grand Court, pursuant to the ICA and IPA

---

[3] Terms not defined herein shall have the meanings set forth in the Griffin Petition Declaration.

3

Supervision Orders, ordered the winding up of ICA and IPA under the supervision of the Grand Court. *Id.* ¶¶ 77-78.

10. On October 28, 2024, the Foreign Representatives commenced these chapter 15 cases. *See generally*, ECF No. 1. On November 22, 2024, this Court granted recognition of the Cayman Proceedings. *See* Order Granting Recognition of Foreign Main Proceeding and Related Relief, ECF No. 34 ("**Recognition Order**").

11. For the reasons set forth in the Discovery Motion and accompanying Discovery Declarations, the Foreign Representatives request the temporary sealing of the Discovery Motion and the Discovery Declarations. The Discovery Motion will attach a draft of the form subpoenas that the Foreign Representatives would issue without notice, should the Court so permit.

## ARGUMENT

12. The Bankruptcy Code supports the Foreign Representatives' request to seal the Discovery Motion and the Discovery Declarations.

13. While public access to court records is strongly preferred, "courts must deny access to judicial documents – generally where open inspection may be used as a vehicle for improper purposes." *Video Software Dealer Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Transbrasil S.A. Linhas Aereas,* 644 Fed. Appx. 959, 962 (11th Cir. 2016) (citing *In re Orion Pictures Corp.*).

14. One of the grounds for sealing is provided in section 107(b)(1) of the Bankruptcy Code, which states that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information ....

4

11 U.S.C. § 107(b)(1).[4]

15. To satisfy section 107(b)(1) of the Bankruptcy Code, an interested party need only show that the information sought to be sealed is "confidential and commercial in nature." *Orion*, 21 F.3d at 28.[5] Notably, Congress imposed no "good cause" requirement to obtain relief under section 107(b) of the Bankruptcy Code. *Id.*; *see also In re Transbrasil S.A. Linhas Aereas,* 644 Fed. Appx. at 962.

16. According to the Eleventh Circuit, "upon determining that a movant has identified information that qualifies for protection under § 107(b) [of the Bankruptcy Code], the bankruptcy court *shall* protect the information." *In re Transbrasil S.A. Linhas Aereas*, 644 Fed. Appx at 962. (emphasis in original).

17. Section 107(b)(1) encompasses "confidential research," which can include the work product of attorneys and other retained professionals, and the fruits of a foreign representative's ongoing investigation of the debtor's assets and affairs. *See id.* at 961-62, *aff'g*, No. 14-cv-22580-KMM, 2015 WL 13857424 (S.D. Fla. Mar. 30, 2015), *aff'g*, No. 11-19484-BKC-AJC, 2014 WL 1655990 (Bankr. S.D. Fla. Apr. 25, 2014); *see also In re Three Arrows Capital Ltd.*, 22-10920 (MG) (Bankr. S.D.N.Y.), ECF No. 129-1, 132 (permitting foreign representatives in chapter 15 case to issue subpoena under seal to avoid disclosure of nature of investigation and other attorney work product).

18. Bankruptcy Rule 9018 delineates the procedures an interested party must follow in order to obtain authorization to file a document under seal. Specifically, this Rule provides that: "[o]n motion, or on its own initiative, with or without notice, the court may make any order which

---

[4] Section 105(a) of the Bankruptcy Code empowers a court to exercise its inherent equitable powers and to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).
[5] "Commercial" information is not required to constitute a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See id.*

5

justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

19. Sealing orders issued under section 107(b) should be broad. *See Marigrove, Inc. v. Sauer de Arruda Pinto*, No. 14-CV-22580-KMM, 2015 WL 13857424, at *5 (S.D. Fla. Mar. 30, 2015) (citing to Bankruptcy Rule 9018 and explaining that section 107(b) of the Bankruptcy Code permits the entry of "<u>any order which justice requires</u>") (emphasis in original); *see also, e.g., Woody Partners v. Maguire (In re OneJet, Inc.)*, 613 B.R. 841, 848 (Bankr. W.D. Pa. 2021) ("Provided that adequate justification exists, the Court may enter an order which justice requires[.]"); *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (Bankr. D. Del. 2005) ("Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose.").

20. As noted above, the relief sought herein has likewise been granted by sister bankruptcy courts under similar circumstances. *See Three Arrows Capital*, No. 22-10920 (MG) at ECF Nos. 129-1 and 132.

21. The Foreign Representatives respectfully tender that the information sought in the subpoenas, as set forth in detail in the Discovery Motion and the Discovery Declarations, constitutes confidential research information protectable under section 107(b)(1) of the Bankruptcy Code.

22. As set forth further in the Discovery Declarations, this information reflects the Foreign Representatives' and their professionals' efforts to investigate and secure the Funds' remaining assets, including through their outreach to knowledgeable parties.

23. Accordingly, the Foreign Representatives respectfully submit that filing the Discovery Motion and Discovery Declarations under seal accords with section 107(b)'s mandate

that publicly-available information should not be used for improper purposes. Nevertheless, to enhance transparency, the Foreign Representatives propose to provide unredacted copies of the Discovery Motion and the Discovery Declarations to this Court under seal and to share copies with the U.S. Trustee on a strictly confidential basis.

## NOTICE

24. Notice of this Motion has been provided to: (a) the Chambers of the Honorable Peter D. Russin; and (b) the Office of the United States Trustee for the Southern District of Florida, Region 21. The Foreign Representatives submit that such notice is sufficient, and no other notice need be provided.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Motion has been made.

WHEREFORE, the Foreign Representatives respectfully request entry of an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 21, 2025        Respectfully submitted,
Miami, Florida

HOLLAND & KNIGHT LLP

/s/ *Joaquin J. Alemany*
Joaquin J. Alemany (FL Bar No. 662380)
Alex M. Englander (FL Bar No. 1035437)
701 Brickell Ave, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7763
Email: joaquin.alemany@hklaw.com
        alex.englander@hklaw.com

Warren E. Gluck (admitted *pro hac vice*)
Elliot A. Magruder (admitted *pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200

        Email: warren.gluck@hklaw.com
               elliot.magruder@hklaw.com

*Counsel for the Foreign Representatives*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

SPI INVESTMENT FUND SPC
(IN OFFICIAL LIQUIDATION),[1] *et al.*,

Debtors in a Foreign Proceeding.

_____/

Chapter 15

Case No. 24-21184-PDR

(Jointly Administered)

**ORDER GRANTING FOREIGN REPRESENTATIVES'** ***EX-PARTE*** **MOTION FOR AUTHORIZATION TO FILE UNDER SEAL (1) MOTION FOR ENTRY OF AN ORDER AUTHORIZING ISSUANCE OF SUBPOENAS WITHOUT NOTICE AND RELATED RELIEF, AND (2) DECLARATIONS OF IAIN GOW AND WARREN E. GLUCK IN SUPPORT OF THE FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ISSUANCE OF SUBPOENAS WITHOUT NOTICE AND RELATED RELIEF**

---

[1] The last four digits of the foreign identification number follow in parentheses: SPI Investment Fund SPC (in Official Liquidation) (9606); International Portfolio Allocation Ltd. (in Official Liquidation) (7986); and International Capital Allocation Ltd. (in Official Liquidation) (2570). The registered office of SPI Investment Fund SPC (in Official Liquidation), International Portfolio Allocation Ltd. (in Official Liquidation) and International Capital Allocation Ltd. (in Official Liquidation) is c/o FTI Consulting (Cayman) Ltd., Suite 3206, 53 Market Street, Camana Bay, PO Box 30613, Grand Cayman KY1-1203, Cayman Islands.

Upon the *Foreign Representatives' Motion for Authorization to File Under Seal (1) Motion for Entry of an Order Authorizing Issuance of Subpoenas Without Notice and Related Relief; and (2) Declarations of Iain Gow and Warren E. Gluck in Support of the Foreign Representatives' Motion for Entry of an Order Authorizing Issuance of Subpoenas Without Notice and Related Relief* (the "**Motion**")[2] [ECF No. 37], the foreign representatives of SPI Investment Fund SPC (in Official Liquidation), International Capital Allocation Ltd. (in Official Liquidation) and International Portfolio Allocation Ltd. (in Official Liquidation) (the "**Foreign Representatives**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, rule 9018 of the Bankruptcy Rules, and rule 5005-1(4) of the Local Rules, seeking entry of an order authorizing the Foreign Representatives to file under seal (1) the Discovery Motion; and (2) the Discovery Declarations; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion; and appropriate, sufficient, and timely notice of the Motion having been given and no other or further notice need be given; and upon any hearing held on the Motion; and no objections or responses to the Motion having been filed that have not been overruled, withdrawn, or otherwise resolved; and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the requested relief; and the Court having determined that the relief sought in the Motion is in the best interest of the Funds, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, rule 9018-1 of the Bankruptcy Rules, and rule 5005-1(4) of the Local Bankruptcy Rules, the Foreign Representatives are authorized to file an unredacted copy of the Discovery Motion and the Discovery Declarations under seal.

3. The unredacted Discovery Motion and Discovery Declarations are confidential and shall remain under seal and shall not be made available to anyone other than this Court, the Clerk of the Court, and the U.S. Trustee for a period of 180 days after the entry of this Order, absent a showing of good cause made by the Foreign Representatives justifying extension of this Order.

4. The Foreign Representatives are authorized to file on the Court's docket and serve on the necessary parties redacted copies of the Discovery Motion and the Discovery Declarations.

5. The Motion and accompanying documents, including exhibits, as well as any papers that may be filed in response or in further support of the Motion, shall be treated as confidential and kept under seal for a period of 180 days after the entry of this Order, subject to extensions upon motion to the Court.

6. This Order is without prejudice to the rights of any party in interest or the U.S. Trustee to seek to unseal the Discovery Motion and/or the Discovery Declarations.

7. Upon closure of these jointly administered chapter 15 cases, the Clerk's office is directed to release any hard copies or electronic storage devices containing unredacted copies of the Discovery Motion and the Discovery Declarations to the Foreign Representatives for disposal.

8. The Foreign Representatives are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

######

**Submitted by**:

Joaquin J. Alemany (FL Bar No. 662380)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3330
Miami, Florida 33401
Telephone: (305) 789-7763
Email: Joaquin.alemany@hklaw.com

Attorney Alemany is directed to serve a conformed copy of this Order upon all nonregistered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.