**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re SPI Investment Fund SPC, *et al.* | Chapter 15 |
| Debtors in a Foreign Proceeding. | Case No. 24-21184 |
| | (Jointly Administered) |

**SINAI HOLDINGS, LLC'S OBJECTION TO**
**FOREIGN REPRESENTATIVES' MOTION FOR SPECIAL SET CLOSED HEARING**

Sinai Holdings, LLC ("**Sinai**") files this objection to the Foreign Representatives' *Motion for Special Set Closed Hearing on Their Motion to Extend Seal Period of the Court's Order Authorizing Issuance of Subpoenas Without Notice and Related Relief* [DE 67] (the "**Motion**").

**Argument**

1. In the Motion, the Foreign Representatives ask the Court once again for extraordinary relief, insisting on a closed hearing on their *Motion to Extend Seal Period* [DE 63] (the "**Extension Motion**") which Sinai—the only other material party to this case—is barred from attending. Motion ¶ 8. On top of this, the Foreign Representatives request that neither they nor their counsel be required to attend the hearing in person. Motion ¶ 7. This would be the second such hearing conducted in this case, an extreme anomaly for a case of this nature, to say nothing of the fact that in neither instance have the Foreign Representatives proffered reasons adequate to support granting the unusual relief they seek.

2. The Motion is bereft of any support for granting the Foreign Representatives' request for an ex parte hearing. As noted in Sinai's objection to the Extension Motion [DE 66], ex parte relief requires a showing of "genuine urgency such that immediate and irreparable injury, loss, or damage will result . . . [or] danger that notice to an opposing party will result in that party's

1

flight, destruction of evidence, or secretion of assets." *In re Intermagnetics Am., Inc.,* 101 B.R. 191, 193–94 (C.D. Cal. 1989); *see also United States v. Battle*, 2005 WL 8156606, at *7 (S.D. Fla. May 31, 2005) (McAliley, Magistrate J.) (noting in that even in criminal context where ex parte review of argument and evidence is authorized by rule, "ex parte communications are disfavored [and] they should be avoided whenever possible, and even when appropriate, their scope should be kept to a minimum"). That is decidedly not the case here, nor have the Foreign Representatives even suggested it in their motions.

3.　Similarly, Federal Rule of Civil Procedure 43(a) applicable to bankruptcy cases under Federal Rule of Bankruptcy Procedure 9017 dictates that remote testimony is not permitted unless "[f]or good cause in compelling circumstances and with appropriate safeguards." Courts universally hold that mere inconvenience or cost of travel is not grounds for allowing remote testimony. *See, e.g.*, *Willis v. Lockheed Martin Corp.*, 2025 WL 2056101, at *2 (S.D. Fla. July 10, 2025) (Smith, J.) (holding that party's proffer that "traveling this distance is costly and inconvenient" was not grounds to enter protective order to allow remote deposition). For the Court to perpetuate the seal order in this case it will necessarily require taking testimony from the Foreign Representatives as it did at the first hearing. The Motion does nothing to demonstrate "compelling circumstances" to allow remote testimony in these circumstances. Fed. R. Civ. P. 43(a). The Foreign Representatives are therefore required to submit such testimony in person.

4.　The Motion's suggestion that inviting the United States Trustee to the hearing will resolve the due process violations and ethical concerns associated with the proposed closed hearing appears increasingly facetious. It is quite clear at this point that this case is for all intents and purposes the Foreign Representatives' efforts to take discovery concerning Sinai and its affiliates in preparation for potentially bringing adversary proceedings against them. No other party has

appeared or otherwise been involved in any substantive manner in this case. Even the United States Trustee has not shown any interest in this case and by all indications was not present at the first closed hearing. Given the clear adversarial nature of this case, the grave concerns associated with ex parte hearings are directly pertinent here and militate heavily against granting the Foreign Representatives' unusual requests.

5. Sinai therefore requests that the Court deny the Motion. If the Court is inclined to grant the Foreign Representatives' request for a closed hearing, Sinai submits that the Court must require the Foreign Representatives and their counsel to attend the hearing in person under Rule 43(a). Sinai further requests that the Court order the United States Trustee to attend the hearing to serve as a check on the Foreign Representatives' loose treatment of the rules to date.

## Conclusion

6. For the foregoing reasons, Sinai respectfully requests that the Court deny the Motion. If the Court is inclined to conduct a closed hearing, Sinai requests that the Court deny the Foreign Representatives' request to allow them and their counsel to attend remotely. It further requests that the Court order the United States Trustee to attend the hearing.

## Certificate of Service

7. Undersigned counsel certifies that he caused to be served a copy of this document on all parties listed on the electronic service list, including counsel to the Foreign Representatives, joaquin.alemany@hklaw.com, alex.englander@hklaw.com, via notice of electronic filing on the date indicated below.

Date: October 5, 2025

By: /s/ *Theodore Sandler*
Theodore Sandler, Esq.
Fla. Bar No. 1015927
tsandler@sandlerlawpa.com

**SANDLER LAW**
1728 NE Miami Gardens Dr. #1224
North Miami Beach, FL 33179
T/F: (305) 570-0534

*Counsel for Sinai Holdings, LLC*